J. J. SANDERSON V. MRS. EMILY SANDERSON.

No. 6946.   Decided November 3, 1937.

(109 S. W., 2d Series, 744.)

*D. J. Brookreson,* of Benjamin, for plaintiff in error.

The Court of Civil Appeals erred in holding that the written instrument herein sued upon by the plaintiff was a deed, and in not sustaining the holding of the trial court to the effect that said instrument was an executory contract. Ansley Realty Co. v. Pope & Smith, 105 Texas 440, 151 S. W. 525; Logan v. Elliott, 61 S. W. (2d) 157; Parrish v. Weber, 17 S. W. (2d) 106.

*G. G. Hazel,* of Sudan, for defendant in error.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The suit is by Mrs. Emily Sanderson, a widow, against J. J. Sanderson, individually and as executor of the estate of Mrs. S. P. Kelton, deceased, for the title and possession of certain real property, the petition in its first paragraph presenting a formal action in trespass to try title and in its subsequent paragraphs pleading the title specially. It is alleged that Mrs. Kelton owned a house and several lots in the town of Knox City, in Knox County, and a farm in Haskell County, and that she and the plaintiff Mrs. Sanderson, both being widows, executed the following written instrument:

"TO WHOM IT MAY CONCERN:

"This is to certify that on this the 15th day of May, 1933, Mrs. Sallie Kelton and Mrs. Emily Sanderson enter into and agree on the following contract:

"Mrs. Kelton agrees to give Mrs. Sanderson to have and to hold forever the town house and all lots now owned by Mrs. Kelton; said lots and house located in Knox City; also household goods.

"Mrs. Kelton also agrees to give all income derived from her farm located in Haskell County to Mrs. Sanderson during the lifetime of Mrs. Sanderson, after the death of Mrs. Kelton.

"For which Mrs. Sanderson agrees to live with and take care of Mrs. Kelton during the lifetime of Mrs. Kelton.

   Mrs. B. J. Kelton.   Mrs. Emily Sanderson.

"Witness: J. W. Barnett D. C.
    Edna C. Barnett D. C."

The petition further alleges that Mrs. Sanderson in compliance with the contract went to live with Mrs. Kelton in the house owned by Mrs. Kelton and faithfully cared for her, waited upon her and worked for her from the time of the execution of the contract, May 15, 1933, until early in the year 1934, when Mrs. Kelton wrongfully and without fault on the part of Mrs. Sanderson removed Mrs. Sanderson's personal property from the house and forced her to leave and thereafter until Mrs. Kelton's death on March 14, 1934, refused to permit Mrs. Sanderson to live with her or care for her and thus rendered it impossible for Mrs. Sanderson to complete the performance of her agreement. It is further alleged that Mrs. Sanderson at all times was ready and willing to perform the agreement and offered to do so and often notified Mrs. Kelton of her willingness to resume living with her and to continue to care for her, but that Mrs. Kelton steadfastly refused to permit her to return to the house and declined to accept further services from her.

The defendant presented in his answer a general demurrer and several exceptions which, while designated special exceptions, are in effect general demurrers. Three of the exceptions were sustained by the trial court and when the plaintiff declined to amend judgment was rendered dismissing the suit. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause for trial, holding that the exceptions sustained by the trial court were not well taken. 82 S. W. (2d) 1008.

■ Since the plaintiff, in addition to her formal action of trespass to try title, pleaded particularly the written instrument and other facts constituting the basis and showing the nature of her claim to the property, the question to be determined in disposing of the exceptions is the sufficiency of the facts particularly averred. Snyder v. Nunn, 66 Texas 255, 18 S. W. 340; McDonald v. Bank, 74 Texas 539, 12 S. W. 235; Mayers v. Paxton, 78 Texas 196, 14 S. W. 568; Martinez v. Gutierrez, (Com. App.) 66 S. W. (2d) 678, 683. The first special exception sustained by the trial court presents the objection to the petition that the contract relied upon by the plaintiff is too

vague, uncertain and indefinite to be binding on the parties. The instrument is informal and somewhat meager. It is in our opinion not a deed. It contains no words of conveyance and does not indicate an intention on the part of Mrs. Kelton presently to invest Mrs. Sanderson with entire control and dominion over the property. Baker v. Westcott, 73 Texas 129, 133, 11 S. W. 157; Tompkins v. Broocks, 43 S. W. 70 (application for writ of error refused). The instrument is an executory contract binding, at its execution, upon both parties, the promise of one party being the consideration for the promise of the other. It clearly evidences the agreement that Mrs. Sanderson shall live with and take care of Mrs. Kelton until the latter's death and that for such services she shall receive and have full title and ownership of Mrs. Kelton's town house and household goods and all lots owned by Mrs. Kelton in Knox City, together with all income, during Mrs. Sanderson's lifetime after Mrs. Kelton's death, from a farm in Haskell County owned by Mrs. Kelton. While the instrument does not specify in detail the extent or nature of the care that Mrs. Sanderson shall take of Mrs. Kelton, we believe the intention of the parties in this particular may be ascertained to a reasonable degree of certainty from the language used when considered in the light of the age, physical condition and circumstances of the parties at the time of the execution of the instrument. As to the time of performance on the part of Mrs. Kelton of her agreement to give Mrs. Sanderson the property described in the contract, we think the instrument read as a whole clearly discloses the intention of the parties that control and ownership shall remain in Mrs. Kelton until her death and that thereupon Mrs. Sanderson shall have and own the property.

■ Another exception questions the sufficiency of the description contained in the contract to identify the town lots and the farm. The contract describes the house and lots as the town house and all lots "now owned by Mrs. Kelton located in Knox City" and describes the land in Haskell County as Mrs. Kelton's farm in Haskell County. The description of the lots as all lots now owned by Mrs. Kelton in Knox City is sufficient, for it leads to the certain identification of the property. The sufficiency of the description of the farm in Haskell County can not be determined on demurrer. If the evidence establishes the fact that Mrs. Kelton owned only one farm in Haskell County at the time the contract was executed, the description will be sufficient. If on the contrary it is proven that Mrs. Kelton owned more than one farm in Haskell County at that time, the description of the farm will be insufficient as not affording data by which

the property can be identified; and such insufficiency in the description of the farm, so shown, will require the denial of specific performance of the contract. Hermann v. Likens, 90 Texas 448, 39 S. W. 282; Vineyard v. O'Connor, 90 Texas 59, 36 S. W. 424; Taffinder v. Merrell, 95 Texas 95, 65 S. W. 177; Smith v. Sorelle, 126 Texas 353, 87 S. W. (2d) 703.

■ The third exception sustained by the trial court invokes the rule as to mutuality of remedy and presents the contention that a court of equity will not attempt to specifically enforce the contract which calls for personal services on the part of the plaintiff, because it appears from the petition that such services have not been fully performed. Defendant in error takes the position that the rules governing suits for specific performance have no application to the suit which, she submits, is for the recovery of the property in virtue of equitable title given her by the contract. The authorities relied upon are those holding that the vendee in the ordinary executory contract for the sale of real estate acquires at the time the contract is executed the equitable title to the property, subject to lien securing the purchase price. Tompkins v. Broocks, 43 S. W. 70 (application for writ of error refused); Russell and Seisfeld v. Kirkbride, 62 Texas 455. This change in the beneficial title results from the application of the doctrine of equitable conversion, equity regarding as done that which ought to be done. Pomeroy's Equity Jurisprudence, (4th ed.) Vol. 1, Sec. 105, pp. 117-119; Sec. 368, pp. 685-686. But the doctrine of equitable conversion is not applicable to a contract like that here under consideration. Upon the execution of this contract something other than the payment of money remained to be done. The personal services yet to be rendered by Mrs. Sanderson throughout the remainder of Mrs. Kelton's life could not be regarded as performed at the execution of the contract. The agreement contemplated the retention by Mrs. Kelton of the full title to the property until her death. Under such contract the equitable title or right to the property would not pass until Mrs. Kelton's death. Northern Texas Realty and Construction Co. v. Lary, 136 S. W. 843 (application for writ of error refused). Mrs. Sanderson's cause of action is to be tested by the allegations of fact in the petition rather than by the form in which they are cast. Colbert v. Dallas Joint Stock Land Bank, 129 Texas 235, 102 S. W. (2d) 1031, 1033. So tested, the cause of action is a suit to obtain from or against those claiming title and having possession of the property under Mrs. Kelton the actual accomplishment of the agreement that Mrs. Kelton should have performed at her death, and although the suit may be deemed or designated by the plaintiff an action for

the recovery of title, it is in substance and purpose a suit for the specific performance of contract. The plaintiff's right to maintain it is to be determined in accordance with the rules applicable to such suits.

■ The contract is that Mrs. Sanderson shall live with and care for Mrs. Kelton until Mrs. Kelton's death and that thereupon Mrs. Sanderson shall have the property. It is settled that such contract may be specifically enforced after the performance of the services and after the death of the party for whom they are performed. Jordan v. Abney, 97 Texas 296, 78 S. W. 486; Masterson v. Harris, 107 Texas 73, 174 S. W. 570; Dyess v. Rowe, 177 S. W. 1001 (application for writ of error refused). Mutuality of remedy, the right of both parties to obtain specific performance, does not exist when such contract is made, but it has been subsequently supplied. "The mutuality of the equitable remedy does not belong to the essence of the contract. An agreement may be perfect in its obligation upon both the parties, and yet be of such a nature that one of them only could be compelled, by a decree of the court, to specifically perform. As the absence of this kind of mutuality does not render the agreement any less obligatory, *it would seem, on principle, that if the quality, originally lacking, should be subsequently supplied,* in any practical manner, before the commencement of the suit, or even, perhaps, before the hearing, the objection would then be removed, and a specific enforcement would be thus made possible. For example, if the party who had undertaken to do acts, the performance of which could not be specifically compelled—such as the rendering of personal services—should fully perform all that he had agreed to do, and should then seek to enforce a specific execution of the contract by the other, it would seem, on principle, that all obstacle to granting the relief would have been removed." Pomeroy's Specific Performance of Contracts, (3d ed.) Sec. 166, pp. 429-430.

Subsection 1 of Section 372, "Mutuality of Remedy," in the Restatement of the Law of Contracts is as follows: "The fact that the remedy of specific enforcement is not available to one party is not a sufficient reason for refusing it to the other party." The comment on this subsection contains the following statements: "A plaintiff will not be refused specific performance merely because the contract is such that the defendant could not have obtained such a decree, had the plaintiff refused to perform prior to the present suit. It is enough that he has not refused and that the court is satisfied that the defendant is not going to be wrongfully denied the agreed exchange for his performance. The substantial purpose of all attempted rules

requiring mutuality of remedy is to make sure that the defendant will not be compelled to perform specifically without good security that he will receive specifically the agreed equivalent in exchange. * * * The plainitff may already have fully performed, in which case the defendant needs no remedy." The decisions of the Supreme Court of Texas last above cited and other decisions of the Texas courts support the conclusions and the reasoning in the foregoing quotations from Pomeroy and the Restatement. Milliken v. Townsend, (Com. App.) 16 S. W. (2d) 259; Prusiecke v. Ramzinski, 81 S. W. 771, 773; Carrico v. Stevenson, 135 S. W. 260; Naylor v. Parker, 139 S. W. 93; Leverett v. Leverett, 59 S. W. (2d) 252, 254 (application for writ of error refused). See also: Cavanna v. Brooks, 97 N. J. Eq. 329, 127 Atl. 247, 37 A. L. R. 361; Note 65 A. L. R., pp. 49-53; Jones v. Jones, (Mo.) 63 S. W. (2d) 146, 90 A. L. R. 219; Pomeroy's Equity Jurisprudence, (4th ed.) Vol. 5, pp. 4922-4930, Secs. 2191-2193. Specific performance was denied in E. M. Goodrich, Inc., v. Stuart, 125 Texas 212, 82 S. W. (2d) 632, and in Prusiecke v. Ramzinski, 81 S. W. 771, on the ground that the contracts could not be specifically enforced by both parties, but in those cases the parties to the contracts were still living and the services remained partially unperformed, so that the court could not by decree secure substantially to both parties the performance that their agreement contemplated.

■ The instant case differs from the two cases last cited in that the period, for the performance of Mrs. Sanderson's services and the possibility for further performance were ended on Mrs. Kelton's death. According to the allegations of the petition there was substantial performance by Mrs. Sanderson. Mrs. Kelton lived for ten months following the execution of the contract, from May 15, 1933, to March 14, 1934. For the first eight of the ten months Mrs. Sanderson lived with her and cared for her, failing to perform fully only because Mrs. Kelton prevented her from doing so during the two months remaining. If the incompleteness of Mrs. Sanderson's performance of her obligation were not chargeable to Mrs. Kelton's wrongful act, Mrs. Sanderson would be denied specific performance because of failure to perform fully, but in our opinion the substantial performance by Mrs. Sanderson and the fact that full performance was wrongfully prevented by Mrs. Kelton place Mrs. Sanderson, for the determination of her right to maintain a suit for specific performance, in the same position that she would occupy if she had fully performed.

In Smith v. Lipscomb, 13 Texas 532, Judge Lipscomb was employed by Smith to represent him in extensive land litigation

for a fee of $5,000.00, payable in installments, the last due in two years. The services were performed for about seven years when Smith, although the litigation was not yet ended, dismissed Judge Lipscomb, who sued and recovered judgment for the full amount of the fee. The court in holding that the dismissal relieved the plaintiff from further performance and perfected his right to the $5,000.00 fee as if the services had been fully performed, said: "The plaintiff below, Lipscomb, then, was entitled to recover, though everything was not in fact done by him which was required by the agreement, because the act of Smith by preventing, excused the nonperformance, and it was as if there had been a perfect performance by Lipscomb."

In Dodds & Wedegartner v. Reed, 69 S. W. (2d) 165, the plaintiff was employed to supervise the construction of a highway and was to receive a weekly salary and a bonus on the net profit of the entire project. He performed the work in part and was then transferred by the employer to another place. It was held that because performance was prevented by the employer, the plaintiff was entitled to the entire bonus, the opinion announcing the rule that "where a party in whose favor something is to be done prevents that performance and the other party is not in default, a recovery may be had as if the act had been performed."

The opinion in Miller v. Hodges, (Com. App.) 260 S. W. 168, contains the following: "It is a universal maxim that where the obligation of a party depends upon a certain condition being performed, and the fulfillment of that condition is prevented by the act of the other party, the condition is considered as fulfilled."

We conclude that the petition states a cause of action for specific performance and that the exceptions sustained by the trial court should have been overruled. The conclusions expressed herein rest upon the assumption of the truth of the facts alleged in the petition, indulging every reasonable intendment arising on the petition in favor of its sufficiency. Martinez v. Gutierrez, (Com. App.) 66 S. W. (2d) 678; Humphreys Oil Co. v. Liles, (Com. App.) 277 S. W. 100; American Produce Co. v. Gonzales, (Com. App.) 1 S. W. (2d) 602. We have not considered what defenses may be urged, and since all of the facts are not presented, we are not to be understood as expressing any opinion with respect to the merits of the case. After trial a decree either granting or denying specific performance will be entered by the district court, in the exercise of sound judicial discretion controlled by the principles and rules appropriate to suits of this character. Such decree will be entered as

will do justice to both parties and, if necessary to accomplish that end, it may be appropriately limited or conditioned.

The judgment of the Court of Civil Appeals, remanding the cause to the district court for trial, is affirmed.

Opinion adopted by the Supreme Court November 3, 1937.