## J. RAY BROWN ET AL V. MARY M. PAYNE ET AL.

No. 8147. Devided December 15, 1943.
Rehearing overruled January 5, 1944.
(176 S. W., 2d Series, 306.)

*Jack T. Life,* of Athens, *Weeks, Hankerson & Surles,* of Tyler, for petitioners.

It was error for the Court of Civil Appeals to hold that the instrument under consideration was a deed and not a will. Lacy v. Floyd, 84 S. W. 857; Zabriskie v. Huyler, 62 N. J. Eq. 697, 51 Atl. 197; Low v. Low, 172 S. W. 590; McLain v. Garrison, 88 S. W. 484.

*Justice, Moore & Justice* and *W. D. Justice,* all of Athens, and *O'Fiel & O'Fiel* and *David E. O'Fiel,* all of Beaumont, for respondents.

On the proposition that the Court of Civil Appeals' holding that the instrument was a deed, cite, Mondragan v. Mondragan, 239 S. W. 650; Lipscomb v. Fuqua, 121 S. W. 193; Gibbs v. Barkley, 242 S. W. 462.

MR. JUDGE TAYLOR, of the Commission of Appeals, delivered the opinion for the Court.

This suit is in trespass to try title by J. Ray Brown et al, as plaintiffs, against Mary M. Payne et al, defendants, to recover lot ten (90 acres) of the Jacob Tator Survey in Henderson County. The trial court after hearing the evidence discharged the jury and rendered judgment in favor of plaintiffs. Upon appeal by defendants the Court of Civil Appeals reversed the trial court's judgment and remanded the cause for trial upon the issue of limitation. 172 S. W. (2d) 352.

Application for writ of error by Brown et al as petitioners was granted on the points alleging that the Court of Civil Appeals erred in holding that an instrument signed by T. S. Lee, dated August 23, 1905, signed by two witnesses and worded as follows, is a deed and not a will:

"KNOW ALL MEN BY THESE PRESENTS: That I, T. S. Lee, of Henderson County, State of Texas, being of sound mind and memory do make, publish and declare this to be my last will and testament, towit: do give at my death one undivided half of ninety (90) acres of land situated in Henderson County, Texas, known as block No. 10 and No. 107 according to the subdivision of the Jacob Tator Survey. I give, devise and bequeath to my beloved son. Robert Edward Lee who was borned 196 Alamo

St. Dallas, Texas, August 16, 1902 being the son of T. S. Lee and Mary M. Lee and I give, devise and bequeath to my beloved son Robert Edward Lee to have and to hold to him my said son and to his heirs and assigns forever."

, The foregoing instrument, described as above, was recorded in the county in which the land is located, as appears from the following endorsement thereon: "T. S. Lee—To Will—R. E. Lee, filed for record August 23, 1905, at 2:00 P. M. and recorded August 23, 1905, at 2:15 P. M. W. T. Carroll, County Clerk, Hendseron County, Texas, by Earl Jones, Deputy."

If the instrument is a deed, the judgment of the Court of Civil Appeals is correct; but if a will, the judgment of the trial court is correct. There is no controversy upon the point that if T. S. Lee intended in executing the instrument to thereby bequeath to his son Robert Edward Lee the property described rather than to make him a present gift thereof, the trial court's judgment was correct and should be affirmed. The Court of Civil Appeals concluded that the instrument was "in legal effect, a deed," and that the trial court erred in holding it to be a will.

The Court took the view that all of the language of the instrument other than that presently to be discussed, is testamentary. We quote from the opinion:

"So in the instrument here under review, the maker denominated his act a 'will.' It begins with testamentary language: "I, T. S. Lee of Henderson County, State of Texas, being of sound mind and memory do make, publish and declare this to be my last will and testament * * *" then follows *do give at my death* (the property in suit) * * *. I give, devise and bequeath to my beloved son Robert Edward Lee * * *." "Give, devise and bequeath" are words usually employed in wills and not in deeds. If the maker *had stopped there, clearly his act would be a will— no present interest in the estate is shown to have been granted to the son, the gift to be and become effective only at death.*"

(All emphasis in this opinion is ours).

We are in accord with the foregoing statement; but in view of the language of the instrument we are compelled to disagree with the Court's conclusion that the maker intended thereby to deed the land to his son. We find no words indicating an intention on the part of the father to convey to his three-year-old son any *present interest* in, or control over, the land. Nor is there any evidence of such intention in the record. The language of

the instrument when considered in its entirety is clear and gives unmistakable evidence of the testamentary intent of the maker. No part of the language used in the context in which it is found expresses a meaning inconsistent with, or repugnant to, the meaning of that portion thereof conceded in the above excerpt to express a testamentary intent.

■ The sole question here is whether the instrument is a will or a deed, and we find nothing in the record that necessitates any inquiry beyond its language. The rule is well stated in Turner et al v. Montgomery et al (Com. App.), 293 S. W. 815 as to the construction of instruments, as follows:

"Through all the rule governing construction of instruments, there runs the central thought of ascertaining the real intention of the parties. In the nature of such inquiry, there can be no fixed rule, for every case, in large measure, depends upon its own facts, context of instrument, and circumstances. Of course it is elementary, if there is no ambiguity, the construction of the written instrument is for the court, and moreover, even in those cases of ambiguous instruments, if the parol evidence is undisputed as to the circumstances, the construction is yet a question of law for the court."

See also North v. North (Civ. App.), 2 S. W. (2d) 481 by Chief Justice Gallagher of the Waco Court for a careful statement of the rule as applied to written instruments generally, including deeds.

Justice Sharp in Hassell v. Frey, 131 Texas 578, 117 S. W. (2d) 413, speaking for the Court as Commissioner, stated that "the primary rule governing the construction of wills is to ascertain the intention of the testator," and that the intention, *"if possible,"* should be gathered from the instrument itself.

■ The Court of Civil Appeals construes the clause "I do give," by viewing it "in close relation" with the words "to have and to hold to him and to his heirs and assigns forever," as a conveyance of the land by the father to his son by *present gift,* and as placing in the son "an unrevocable grant of the estate." We cannot agree with the construction of the language referred to when it is read in the context in which it is found and in connection with the other language of the instrument, none of which is incompatible with testamentary intent. It is manifest that the word "give" cannot be accorded the meaning of "giving presently" when the rule announced in Hopkins v. Hopkins, 103 Texas 15, 122 S. W. 15, *together with its concluding proviso,* is

applied. In that case the question of whether the word "heirs" was used in the nontechnical sense of "children" was presented. All that militated against the use of the word "children" in its true sense was the use by grantor in the instrument of the word "heirs." Justice Williams speaking for the Court said: "As we have seen, it is always permissible to ascertain from the whole language of an instrument that that word was used in a narrower sense than its true one, and to give to it the effect it should have in that narrower sense, *provided the other language clearly indicates the restricted use.*" The language of the instrument (other than the words "do give" when removed from their true context and incorrectly held to mean "do convey presently") clearly indicate a testamentary intent upon the part of the maker. Application of the rule of the Hopkins case, in view of the clear indication of the language of the entire instrument when the words "do give" are left in the context in which the maker used them, forbids the construction given by the Court of Civil Appeals. The clear intent of the father, using his own words, was to "give, devise and bequeath" the land to his son and to "give" it to him "at my death." We find nothing in the language as used by him to cast doubt upon its meaning.

■ The Court of Civil Appeals says that the language "to have and to hold to him my said son and to his heirs and assigns forever," is an habendum to a deed "and not the language of a will." While the language is used with much more frequency in deeds than in wills, it cannot be gainsaid that it is sometimes used in wills. The case presently to be quoted from below, as well as many cases cited by the parties here to in their briefs, involved wills in which the habendum language is used. The exact habendum words used in the present instrument were used in the will considered in Federal Land Bank of Houston et al v. Little (Com. App.), 130 Texas 173, 107 S. W. (2d) 374. This court in calling attention to the function of the words when used in either a will or a grant, said: "The words first used in the will by which the testator gives all of his property to his son, L. T. Little 'to have and to hold to him and his heirs forever' are the words ordinarily used to *devise or grant* the full fee-simple estate." The office of the habendum clause is not to provide when the instrument in which it is used shall take effect. 26 C. J. S .— Deeds—sec. 22c, p. 201. See also Loveren v. Donaldson, 69 N. H. 639, 45 Atl. 715.

■ The only other consideration referred to in the opinion which moved the Court to conclude that the instrument in question was a deed and not a will, was the extrinsic fact that the father

had the instrument acknowledged and recorded. These acts on the part of the father are not repugnant to, or incompatible with, testamentary intent. Belgrade et al v. Carter et al (wr. ref.), 146 S. W. 964. The instrument meets the statutory requisites for wills in this state. It is in writing and is signed by the testator and by two witnesses. While it is neither required nor usual that a will should be either acknowledged or recorded, these acts, without more, are not incompatible with the father's clearly expressed intention in the present case. If the language used is clearly that of a will the mere fact of its recordation would not convert it into a deed. Belgrade v. Carter. The statement of the Court of Civil Appeals that "the recording of the instrument raises a legal presumption of delivery" is erroneous, unless it be assumed that the instrument is a deed. Whether it is a deed or not is the question for decision. The son was only three years old at the time the deed was made and there is no evidence that the instrument was ever in the possession of anyone other than the father prior to its delivery to the deputy county clerk for filing and recording. It is significant that the deputy labeled it as a will and filed and recorded it as such. As will be observed from the above statement as to the recording of the instrument, there is no evidence that it was recorded in the deed records. The endorsement thereon, refererd to at the outset of this opinion in describing the instrument, is the only evidence in the record concerning its recordation. It is merely labeled as a will and filed and recorded by the county clerk.

The conclusion we have reached that the instrument is clearly a will, follows from applying the general law upon the subject of distinguishing wills from deeds. Corpus Juris (Vol. 18, pp. 148-9) under the general heading, Deeds, in stating the general rule applicable in distinguishing a deed from a will, says:

"If the instrument passes a present interest, although the right of its possession and enjoyment may not occur until some future time, it is a deed or contract; *but if the instrument does not pass an interest or right until the death of the maker, it is a will or testamentary paper*. The question is to be determined by the intention of the parties derived from the whole instrument."

The same authority (Vol. 68, pp. 611-13) under the heading, Wills, as a general guide in distinguishing a will from a deed, says:

"The fact that a deed passes a present interest, even though the possession or enjoyment thereof may be postponed, while a will passes no present interest at the time of its execution, but takes effect only upon the death of the testator, and until such

time is ambulatory and revocable, establishes the essential difference between the two instruments. In determining whether a present interest is or is not passed, or attempted to be passed, by an instrument, and whether it is, accordingly, a deed or a will, *the manifest intention of the maker is controlling; * * *.*"

See article 1296 of the revised civil statute whereby "an estate * * * may be made to commence in futuro, by deed, or conveyance, in like manner as by will"; also see 16 Am. Jur.—Deeds—Sec. 181; 11 Am. A. L. R.—Anno.—Will and Deed distinguished, Subd. IIIa, pp. 36-8; and 76 A. L. R., same annotation cont., pp. 638-40.

It is unnecessary in view of what has been stated to discuss at length the cases cited by the Court of Civil Appeals in support of its conclusion. None contain pronouncements at variance with those here made. Chavez v. Chavez, 13 S. W. 1018 (involving an instrument of doubtful import held to be a deed) was pressed upon the Court in oral argument by respondents more strongly than any of the other cited cases, as controlling here to support the conclusion reached by the Court of Civil Appeals.

It will be noted upon an examination of the opinion in that case that while the language employed in the instrument there considered was largely testamentary, the point upon which it was held to be a deed was that its language showed an *immediate vesting of an estate* upon the consideration stated. The Court said: "We think it obvious that the instrument was executed in consideration of Juan's marriage with the maker, which, when consummated, *gave immediate effect to it,* to the extent of *vesting an estate * * * in her * * *,"* The Court was careful to further make clear the ground of its holding by saying that "the language (of the instrument) is inconsistent with the intention that it should not take effect until the death of the maker." It thus appears that the rule applied in the Caves case is the same as is applied here. The rule was applied also in the instant case of Sanderson v. Sanderson (Com. App.), 103 Texas 264, 109 S. W. (2d) 744, in determining that the instrument there under consideration was not a deed. We quote:

"It is not a deed. It contains no words of conveyance and does not indicate an intention on the part of Mrs. Kelton *presently to invest Mrs. Sanderson with entire control and dominion over the property.*"

The father used no words in the instrument in the present case indicating an intention to give his son any control or

dominion over the land, or to vest in him an interest of any character in the land prior to the father's death.

It is apparent from what has been said that we hold the present instrument is not only not a deed, but also that it is clearly a will. The judgment of the Court of Civil Appeals is therefore reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court, December 15, 1943.

Rehearing overruled January 5, 1944.