**In re the ESTATE of Virginia L. O'HARA, Deceased.**

**No. 19111.**

Court of Civil Appeals of Texas, Dallas.

March 15, 1977.

Lawrence Fischman, Weil, Craig & Fischman, Dallas, for Richard L. Brown.

Gene W. Francis, Passman, Jones, Andrews, Coplin, Holley & Co., Dallas, for appellants Georgia L. Adams, Arthur L. Brown, Mrs. F. Prescott Jumper and Mrs. James Stillman.

John L. Hauer, Lee M. Simpson, Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellee Foundation for the Arts.

Charles G. Purnell, George E. Bowles, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee Dallas Museum of Fine Arts.

Stephen J. Wilkinson, Asst. Atty. Gen., Austin, for Atty. Gen. of Texas.

E. Taylor Armstrong, Donald A. Swanson, Jr., Storey, Armstrong, Steger & Martin, Dallas, for First National Bank in Dallas.

GUITTARD, Chief Justice.

This action was brought by First National Bank in Dallas as executor under the will of Virginia L. O'Hara, deceased, to construe the provision of the will leaving a part of the residuary estate to "The Foundation for the Arts (Dallas Museum of Fine Arts)." The petition names as defendants The Foundation for the Arts and Dallas Museum of Fine Arts, which are two distinct entities, and also the decedent's heirs at law. The Museum disclaimed in favor of the Foundation. The trial court granted summary judgment declaring the Foundation to be the beneficiary of the legacy in question. One of the heirs, Richard Brown, appeals on his own behalf, and the heirs as a group also appeal. All of the heirs contend that the legacy is void because it is so incurably ambiguous that the intent of the testatrix cannot be discovered, even with the aid of extrinsic evidence. In the alternative, they contend that summary judgment was improper because the intent of the testatrix was a fact issue which should have been submitted to a jury. Appellant Brown also contends that the trial court had no jurisdiction because certain other beneficiaries named in the will are indispensable parties and have not been joined.

We hold that the other beneficiaries are not indispensable parties and that the will,

when construed in the light of the circumstances, is not ambiguous. Consequently, we affirm the summary judgment in favor of the Foundation.

*Nonjoinder of Other Beneficiaries*

The controversy concerns Item III of the will, as follows:

I give, devise and bequeath all of the rest and residue of my property and estate unto the charities hereinafter named that percentage of said rest and residue which is set opposite the name of the respective charity, to wit:

| Name of Charity | Percentage of remainder of my estate to be received |
|---|---|
| (a) The Foundation for the Arts (Dallas Museum of Fine Arts) in Dallas, Texas, to be used to purchase 18th and 19th century works of art | 29.410% |

Subsequent subdivisions of Item III specify other beneficiaries and the percentages bequeathed to each. The percentages aggregate one hundred percent. Appellant Brown did not formally raise the question of nonjoinder in the trial court, but he contends that it was fundamental error for the trial court to proceed without the other residuary beneficiaries named in Item III because they have a potential claim based on the theory that if the legacy in question fails for ambiguity, the failed legacy must be distributed among the remaining residuary beneficiaries.

We do not agree that nonjoinder of the other beneficiaries is fundamental error. Since Rule 39 of the Texas Rules of Civil Procedure was amended in 1971 to correspond to the amended Rule 19 of the Federal Rules of Civil Procedure, the Supreme Court of Texas has observed that it is "rare indeed" that the presence of a person is indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined. The court said that under present Rule 39, the concern "is less that of the jurisdiction of a court to proceed and is more a question of whether the court ought to proceed with those who are present." *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200, 204 (Tex.1974). Thus, in *Cooper,* a married woman was held not to be an indispensable party to a suit by her husband to rescind a contract for sale of community real estate, although she could not be bound

by the judgment in such a suit. In a companion case, *Dulak v. Dulak,* 513 S.W.2d 205 (Tex.1974), the supreme court held that failure to join a married woman in a suit brought against her husband to cancel the release of a joint note was not fundamental error. For a discussion of *Cooper* and *Dulak* and a thorough analysis of the implications of Rule 39, see Dorsaneo, "Compulsory Joinder of Parties in Texas," 14 Hous.L. Rev. 345 (1977).

Accordingly, we look to the provisions of Rule 39, as interpreted in *Cooper* and *Dulak,* to determine whether the judgment of the trial court must be set aside because of nonjoinder of the other beneficiaries named in the will. Appellant Brown argues that these absent beneficiaries must be joined because even if appellants should be successful in obtaining a declaration that the legacy in question is void, they would still have to litigate entitlement to the failed legacy with the absent beneficiaries. He insists that their joinder is required by the following provisions of paragraph (a) of Rule 39:

> A person . . . shall be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . .

■ We need not consider this contention because it was not raised in the trial court by proper objection or plea in abatement. Appellant Brown attempts to raise it here as fundamental error, but we conclude that under amended Rule 39, as interpreted in *Cooper* and *Dulak,* the concept of fundamental error no longer includes potential prejudice to existing parties as a result of failure to join persons who might have been joined if a proper objection or plea in abatement had been presented. On appeal the question is not merely whether the trial court should have proceeded without requiring joinder of absent persons, but whether,

having proceeded to judgment without objection, the result of the proceedings must now be undone. This is an added factor that must be weighed, along with the other criteria enumerated in Rule 39, when the question of nonjoinder is raised for the first time on appeal. If the interest of any of the existing parties has been prejudiced by nonjoinder of the absent beneficiaries, that interest must now be considered foreclosed because they failed to raise the point in the trial court. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110, 126, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), *cited and followed in Cooper v. Texas Gulf Industries, Inc., supra,* 513 S.W.2d at 204.

■ This holding, however, does not solve the problem of fundamental error. Notwithstanding the supreme court's observation in *Cooper* that fundamental error because of nonjoinder is "rare indeed," we are of the opinion that nonjoinder may still be fundamental error if the judgment would adversely affect the interests of absent parties who had no opportunity to assert their rights in the trial court. *See Provident Tradesmens, supra,* 390 U.S. at 110, 88 S.Ct. 733. In this connection we note that paragraph (a) of rule 39 requires joinder of an absent person who is subject to service of process if " (2) he claims an interest in the subject matter of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest." Under this provision, if it appears on appeal that absent persons claim interests in the subject matter and their ability to protect those interests will be impaired or impeded by the trial court's judgment, then their nonjoinder is fundamental error unless the record shows that their joinder was not feasible. In that event the question is whether the trial court could properly proceed in their absence "in equity and good conscience" under paragraph (b) of Rule 39.

■ We conclude that nonjoinder of the absent beneficiaries in this case is not fundamental error. The record does not show that any of these beneficiaries "claim an

interest relating to the subject of the action." The subject of this action is not the entire estate of the decedent, or even the various residuary legacies provided for the absent beneficiaries, but only the 29.410 percent of the residuary estate bequeathed to "The Foundation for the Arts (Dallas Museum of Fine Arts)." So far as appears, the absent beneficiaries claim only the portions of the residuary estate bequeathed to them, and do not claim any part of the legacy in question, even if it should fail.

■ If we may properly consider the potential claims as well as actual claims of absent persons in determining the existence of fundamental error, the question remains whether, as a practical matter, a substantial ground exists for the assertion of such claims. It is not enough to assert, as does appellant Brown, that the absent beneficiaries have potential claims that cannot be adjudicated in their absence. Under Rule 39, mere assertion that someone has a potential claim does not establish that the alleged claimant must be joined before the action can proceed. Neither will such an unsupported assertion suffice on appeal to require that the result of the proceeding in the trial court be undone. The court must examine the potential basis of the claim to determine whether, as a practical matter, the absent persons have interests in the subject matter and, if so whether the disposition made by the trial court will impair or impede their ability to protect those interests.

■ By this standard we find no basis to hold that the absent beneficiaries have interests which the judgment will impair or impede. The rule is well established that when a residuary bequest or devise fails, the property in question passes to the heirs rather than to the other residuary beneficiaries. *Sellers v. Powers,* 426 S.W.2d 533, 537 (Tex.1968); 4 PAGE on WILLS, § 33.56 (Bowe-Parker ed. 1961). This rule applies with particular force here, since the bequest in question is a specified percentage of the residuary estate, and each of the other residuary beneficiaries is also bequeathed a specified percentage. Thus it is clear that even if the residuary bequest now in question should fail, the other residuary beneficiaries would receive only the percentages specified. Consequently, there is no reason to suppose that they have any interests that may be prejudiced by the judgment in this case.

In addition to his contention under Rule 39, appellant Brown asserts that the absent beneficiaries are necessary parties as a matter of substantive law under the Declaratory Judgment Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1(11) (Vernon Supp. 1976). In support of this contention, Brown cites *Crickmer v. King,* 507 S.W.2d 314 (Tex.Civ. App.-Texarkana 1974, no writ) and *Jennings v. Srp,* 521 S.W.2d 326 (Tex.Civ.App.- Corpus Christi 1975, no writ). We regard those cases as distinguishable because they involved absent devisees and legatees whose rights to take the property in question were directly affected by the judgment. In this case we have already determined that the interests of the absent beneficiaries will not be so affected. Consequently, their joinder is no more required by the Declaratory Judgment Act than by Rule 39.

### Construction of Legacy

■ The heirs contend that since this provision of the will names both The Foundation for the Arts and Dallas Museum of Fine Arts, but fails to provide which of the two shall be entitled to the percentage specified, the legacy is incurably uncertain and ambiguous. This argument ignores the parentheses enclosing the name "Dallas Museum of Fine Arts." Parentheses are normally used to provide some sort of explanation or qualification of other matter in the text. Thus, by providing this particular legacy for "The Foundation for the Arts (Dallas Museum of Fine Arts) in Dallas, Texas," the testatrix evidently intended that the property should go to The Foundation for the Arts and that the parenthetical reference to the Dallas Museum of Fine Arts should identify the Foundation as having some connection with or relation to the Museum. The parentheses exclude the idea that she intended to leave any property to the Museum itself.

This interpretation of the will is confirmed by the summary-judgment proof. Our consideration of the evidence extrinsic to the will need not include declarations by the testatrix concerning her intent. Words, however, always need interpretation in their application to external things. The court may always receive and consider evidence concerning the circumstances existing when the will was written that will enable the court to place itself in the testator's position at the time and thus to determine the sense in which the words were used by the testator. *Stewart v. Selder,* 473 S.W.2d 3, 7 (Tex.1971). When evidence of such circumstances is considered in this case, it shows without dispute that there is no entity in Dallas, Texas, known as "The Foundation for the Arts (Dallas Museum of Fine Arts)," but that there is a Foundation for the Arts and also a Dallas Museum of Fine Arts, and that the testatrix was a member of the board of directors of the Museum. The evidence further shows that there is a connection between the two, in that one of the principal activities in which the Foundation is engaged is acquisition of paintings for display by the Museum. From this evidence it appears that reasonable minds could not differ with the conclusion that when the testatrix provided that a certain portion of her residuary estate should go to "The Foundation for the Arts (Dallas Museum of Fine Arts)," she intended to leave this part of her property to that particular Foundation for the Arts which was associated and connected with the Dallas Museum of Fine Arts, and that she did not intend that the Museum itself should be the direct beneficiary.

We reject, likewise, appellants' argument that if extrinsic evidence must be considered to determine the intent of the testatrix, that intent is a question of fact to be determined by a jury. Since extrinsic evidence is always admissible to show the sense of the words of the will, as the supreme court announced in *Stewart v. Selder, supra,* the words may be considered ambiguous only if the meaning remains unclear after extrinsic evidence is received

and considered. Long before *Stewart v. Selder,* the supreme court declared that construction of a written instrument is ordinarily a question of law for the court, and even if it contains language on its face ambiguous, but extrinsic evidence of circumstances is undisputed, construction of the instrument is still a question of law for the court. *Brown v. Payne,* 142 Tex. 102, 176 S.W.2d 306, 308 (1943); *Turner v. Montgomery,* 293 S.W. 815, 816 (Tex.Com.App. 1927, jdgmt. adopted). When the present will is considered in the light of the undisputed evidence of the circumstances at the time of its execution, no reasonable doubt remains that the testatrix intended that the legacy in question should go to The Foundation for the Arts rather than to the Dallas Museum of Fine Arts. Consequently, we hold that the will is not ambiguous and that summary judgment was proper.

Appellants call our attention to certain testimony in the deposition of the attorney who wrote the will concerning his conversations with the testatrix. They insist that this testimony shows that the statements of the testatrix concerning her intentions were so ambiguous that the attorney himself could not understand them and that he followed her instructions literally and thus left this provision incurably uncertain. We need not decide whether such declarations would be admissible to resolve a specific problem of interpretation such as a genuine equivocation or latent ambiguity. *See Stewart v. Selder, supra,* at 7. We hold that such declarations cannot be considered for the purpose of creating an ambiguity when the language of the will itself, when considered in the light of the circumstances, is reasonably certain. *Cf. Lewis v. East Texas Finance Co.,* 136 Tex. 149, 146 S.W.2d 977, 980 (1941) (description of land in lease was not ambiguous after applying settled rules of construction; hence parol evidence was not admissible to show parties' intention).

Finally, appellants complain of the trial court's consideration of an affidavit of Frederick M. Mayer. They assert that since Mayer is a director of the Foun-

dation, he is an interested witness whose testimony can only raise a fact issue. This point does not present reversible error because the judgment is fully supported by other undisputed evidence in the record and because Mayer's affidavit, at least insofar as it concerns the circumstances at the time of execution of the will, is not within the interested-witness rule. Mayer's affidavit concerns both the arrangements between the Foundation and the Museum and his conversations with the testatrix before she signed the will. Since we hold that the will is not ambiguous in the light of the undisputed evidence of the circumstances, we need not consider whether the trial court could properly consider Mayer's statements concerning declarations by the testatrix. Insofar as Mayer's affidavit concerned the relationship between the Foundation and the Museum and the membership of testatrix on the board of the Museum, his testimony is uncontradicted, clear, direct, and free from circumstances tending to impeach or discredit it. Consequently, at least in this respect, it is within the exception to the interested-witness rule recognized in *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

Affirmed.