**Jay H. FLOYD, Jr., Appellant,**

**v.**

**Robert Charles FLOYD, Appellee.**

**No. 08-91-00061-CV.**

Court of Appeals of Texas,
El Paso.

July 31, 1991.

Rehearing Overruled Aug. 28, 1991.

Leslie G. McLaughlin, Allan Hawkins, Midland, for appellant.

Thomas M. Bruner, Boldrick & Clifton, Midland, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

OPINION

KOEHLER, Justice.

In a will construction contest between the son and stepson of the testator, the parties each filed motions for summary judgment. The trial court granted the stepson's motion, denied the son's motion and declared that the two parties would share equally in the estate. We affirm.

This case involves the last will and testament of Jay H. Floyd, Sr. (Jay), dated October 21, 1977, approximately four months before he died in 1978 at the age of seventy-three years. He was survived by his wife, Julia M. Floyd (Julia), a son, Jay H. Floyd, Jr. (Timber) and a stepson, Robert Charles Floyd (Robert). Robert was born in 1934 to the marriage of Julia and Rufus C. Bacon. Julia was divorced from Rufus in 1939, and subsequently in 1941 married Jay. Out of this union was born Timber in 1943. Although Jay never adopted Robert, there was evidence that he had served as Robert's guardian for a time, that he intended to adopt Robert and that he treated Robert and Timber as his children. Robert had his surname changed from Bacon to Floyd in 1959.

The will was admitted to probate in 1978 in Midland County, with Julia, Robert and Timber serving as co-independent executors of the estate and co-trustees of the testamentary trusts in accordance with provisions of the will, until Julia's death in 1988. Robert filed this suit against Timber in 1990 seeking an accounting and for breach of fiduciary duty. Timber answered with a general denial and counterclaim seeking judgment declaring him to be the only child of Jay and as such, to be the sole beneficiary and devisee under the will. Both parties then filed motions for summary judgment. Following a hearing, the court after severing the will construction cause of action from the remainder of the suit, granted Robert's motion for summary judgment, denied Timber's and declared that Robert and Timber are entitled to share equally in Jay's residuary estate. It is from that order that Timber brings four points of error in this appeal.

In Point of Error No. One, Timber asserts error in granting Robert's motion for summary judgment because his proof was insufficient and material fact issues existed. In reviewing a summary judgment appeal, the general rule established by the Supreme Court is that this Court must determine whether the successful movant in the trial court carried his burden of showing that there is no genuine issue of a material fact issue and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex.1985). When the will or other written instrument

is unambiguous, its proper construction is a question of law for the court to determine. *Brown v. Payne*, 142 Tex. 102, 176 S.W.2d 306, 308 (1943). Both parties have judicially admitted and so stipulated that the will in this case is not ambiguous. Timber has not pled any defensive theories which would raise a fact issue with respect to the construction of the will. Therefore, there are no material fact issues and the construction of the will is merely a question of law. The first point of error is overruled.

In his second, third and fourth points of error, considered together, Timber complains that the evidence conclusively established that he is the sole beneficiary of the estate under the will because he was the only "child" of the testator alive at the time of his mother's (Julia's) death and since Robert was not a child of the testator within the definition of that word in the will, he was not and could not be a beneficiary.

The will in its relevant parts provided as follows:

1.2 My children are Jay H. Floyd, Jr. and Robert C. Floyd.

. . . . .

2.3 If my wife survives me, I devise my residuary estate to the Trustee ...

(B) Upon the death of my wife, the then remaining Trust Estate, if any, shall pass as provided in Paragraph 2.4 or 2.6 hereof, ...

2.4 If my wife predeceases me and any issue of mine survives me, I devise my residuary estate equally to the children of mine who survive me, or all to the survivor of them if only one of them survives me and none of those children who predecease me leave issue who survive me; provided that, if any child of mine predeceases me leaving any issue who survives me, the property to which such child would have been entitled if such child had survived me shall pass ... to such child's issue who survive me, per stirpes.

. . . . .

2.6 If neither my wife nor any issue of mine survives me, I devise my residuary estate to my heirs.

. . . . .

3.1 I appoint my wife, JULIA M. FLOYD, and my sons, JAY H. FLOYD, JR. and ROBERT C. FLOYD, as Co-Independent Executors of this Will and my Estate....

. . . . .

3.4 The appointment of the original Trustee and any substitute or successor Trustee of any Trust created hereunder is as follows:

(A) I appoint my wife, JULIA M. FLOYD, and my sons, JAY H. FLOYD, JR. and ROBERT C. FLOYD, as Co-Trustees of any Trust created hereunder....

. . . . .

4.1 For purposes of this Will and any Trust created hereunder:

. . . . .

(D) The term "child" or "children" shall refer only to legitimate sons and daughters of the person in question. The term "issue" shall include legitimate lineal descendants of the first, second or any other degree of the person in question. The term "heirs" shall refer to those persons who would inherit the property in question from the person in question, assuming that the person in question had died intestate.... The terms defined in this Paragraph shall refer, wherever appropriate, to those who are legally adopted, whenever adopted, but shall not refer to stepchildren, unless legally adopted.

. . . . .

(H) Neither of my sons, JAY H. FLOYD, JR. and ROBERT C. FLOYD, nor any firm or partner with whom they are associated shall be disqualified from rendering professional services....

The parties having agreed that the will in question is unambiguous (with which we also are in agreement), the cardinal principle and guiding objective in con-

struing such a will is to ascertain the intention of the testator in the disposition of his estate from the four corners of the instrument. *Henderson v. Parker,* 728 S.W.2d 768, 770 (Tex.1987); *El Paso National Bank v. Shriners Hospital For Crippled Children,* 615 S.W.2d 184, 185 (Tex.1981); *Frost National Bank of San Antonio v. Newton,* 554 S.W.2d 149, 153 (Tex.1977); *Huffman v. Huffman,* 161 Tex. 267, 339 S.W.2d 885, 888 (1960); *Brown v. Payne,* 142 Tex. 102, 176 S.W.2d 306, 308 (1943). The objective of the court's inquiry is to determine not what the testator meant to write, rather the meaning of the words actually used. *Shriner's Hospital For Crippled Children of Texas v. Stahl,* 610 S.W.2d 147, 151 (Tex.1980). The intent must be drawn from the will, not the will from the intent. *Huffman,* 339 S.W.2d at 888. An unambiguous will must be construed based upon the express language used therein, not upon extrinsic evidence nor upon speculation or conjecture on what the testator may have intended. *Frost National Bank of San Antonio,* 554 S.W.2d at 153. On the other hand, extrinsic evidence of surrounding circumstances is admissible to assist the court in determining the sense in which words were used by the testator. *Kelley v. Marlin,* 714 S.W.2d 303, 305 (Tex.1986); *Stewart v. Selder,* 473 S.W.2d 3, 7 (Tex.1971). The entire instrument should be considered and all provisions should be harmonized, if possible. *Republic National Bank of Dallas v. Fredericks,* 155 Tex. 79, 283 S.W.2d 39, 43 (1955). Where the general intent of the testator is clear from a consideration of the entire will, a particular provision that is inconsistent with that intent must be rejected or restricted in its application. *Hancock v. Krause,* 757 S.W.2d 117, 120 (Tex.App.—Houston [1st Dist.] 1988, no writ). When separate clauses of a will conflict and cannot be reconciled, the last clause normally controls as the last expression of the testator's intention; *Dougherty v. Humphrey,* 424 S.W.2d 617, 620 (Tex.1968); but where one provision taken in context with the entire will predominates as the expression of the testator's intent, it ought to prevail over a subsidiary provision unless the latter was clearly or expressly intended to modify the former. *Burney v. Burney,* 145 Tex. 311, 197 S.W.2d 334 (1946). And where there are two provisions that appear to be inconsistent, the specific will control over the general. *Perry v. Hinshaw,* 633 S.W.2d 503, 505 (Tex.1982); *Kaufhold v. McIver,* 682 S.W.2d 660, 666 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

Applying the foregoing general principles of will construction to the instant case, the intent of the testator is clear from a reading of the entire instrument and the words he used. There are no provisions that conflict unless resort is made to extrinsic evidence. For the purposes of this will, Jay has made it clear that Timber and Robert are his two children. "My children are Jay H. Floyd, Jr. and Robert C. Floyd." Not only did he so define and designate the two named individuals as his children, he referred to them both as his "sons" in three other provisions. In that connection, Jay named Robert along with Julia and Timber to serve as co-executors and co-trustees with the provision that anyone of the three can fulfill the duties if the other two are unable to serve. These provisions indicate an intention to treat all three persons on an equal basis. He devised his residuary estate not to his "child" but "equally to the children of mine who survive me[.]" The question of whether Robert is a "legitimate son" or "legally adopted" under Section 4.1(D) is irrelevant as to him since he has previously been designated as one of Jay's two children. The provisions naming his children and sons are specific and are the predominant expression of his intention. The Section 4.1(D) definition of "children" is merely a general provision that applies not to the testator but to the "person in question." Although Timber has asserted and stipulated that the provisions of the will are unambiguous, he would have us create an ambiguity by going outside the will to consider evidence that Robert was never adopted. Timber and Robert are not a part of a class since they have been specifically named as Jay's children and as such, are his issue and heirs for the purposes of the

will. Section 4.1(D) is readily harmonized with the other provisions of the will by interpreting it to apply only to unnamed children, heirs and issue, in which case it would only become relevant if either or both Timber and Robert had predeceased Jay.

Even if we were permitted to go outside the four corners of the will to determine Robert's legal status and thus to create an ambiguity where none existed, the specific designation by the testator of his children would control over a general "boilerplate" definition of children, the use of which would be necessary to identify members of a class not otherwise specifically identified in the will. While going outside the will, we would also take note of the fact that Jay executed the will at the age of seventy-three years, a few months before his demise, at a time when he presumably knew he had only one legitimate son and child, not "children" as expressed in the dispository provisions.

Points of Error Nos. Two, Three and Four are overruled.

In a single cross-point of error, Robert asserts that even if he had been denied summary judgment, Timber would not have been entitled to judgment on his motion because material fact issues have been raised by Robert's affirmative defenses of limitations, laches and adoption by estoppel. Having overruled Timber's points of error, it is unnecessary for us to consider this cross-point.

Judgment of the trial court is affirmed.