## NEWSOME v. BROWN.

(Court of Civil Appeals of Texas. Texarkana. April 24, 1913.)

EVIDENCE (§ 461*)—PAROL EVIDENCE AFFECTING WRITINGS — "CONTEMPLATE" — "PROPOSE."

Where a contract, by which plaintiff sold defendant a logging outfit and employed defendant to haul logs to his mill, provided that plaintiff contemplated moving the mill to another site after the timber adjacent to its present site had been cut and that he was to give the hauling of timber at the new site to defendant, parol testimony was not admissible to show that it was the intention to bind plaintiff to move the mill to a new site, since the contract as written was unambiguous, meaning that plaintiff was considering moving the mill, and if he did that he would give the hauling of the timber to defendant; as, while "contemplate" means "propose," it only means "propose" in the sense of "intend."

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*

For other definitions, see Words and Phrases, vol. 2, pp. 1485–1486; vol. 6, p. 5731.]

Appeal from Upshur County Court; W. H. McClelland, Judge.

Action by A. E. Brown against Hiram S. Newsome. Judgment for plaintiff, and defendant appeals. Affirmed.

Appellant and appellee entered into a contract which, omitting the particular description therein of the wagon, mules, etc., conveyed, as reduced to writing, was as follows:

"State of Texas, County of Upshur. This memoranda of contract this day made by and between A. E. Brown and H. S. Newsome, both of Upshur county, Texas, witnesseth:

"(1) That the said A. E. Brown has and does hereby contract, sell and deliver unto H. S. Newsome, for the consideration hereinafter named 1 log wagon and team and outfit described as follows: (Description omitted.)

"(2) That the said Newsome is to pay for said property the total sum of $800, said payments to be made as follows, to wit: On the 10th day of April, 1910, he is to pay the sum of $40 and on the 10th day of May, 1910, he is to pay the sum of $40; that on the 10th day of each month thereafter he is to pay the said A. E. Brown the sum of $50, until the total amount of the consideration named herein has been paid, except the last payment is to be the sum of $20. And the said Newsome is to pay interest on each of the payments herein specified from the date hereof at the rate of 8 per cent. per annum. Said payments to be made in Upshur county, Tex.

"(3) It is further agreed that the said A. E. Brown is to employ the said Newsome to haul logs to his mill upon the following conditions, to wit: The said Newsome is to haul timber, or logs, to the skidway at the present mill site so long as the said Brown retains his mill at that place, and from such timber as yet remains that was bought by him from the Progressive Lbr. Co. and is to haul of said timber wherever the same may be situated at the agreed price of $3.50 per thousand feet, being the price the said Brown is to pay for the hauling, that is to say, he, the said Newsome is to receive the sum of $3.50 per thousand feet for logs delivered at the mill, including the long and short and all other hauls, the said Brown having the right to designate such timber as is to be hauled. The hauling just above referred to is the hauling of what remains of what is known as the Knight timber, adjacent to the Knight mill where it is now situated. The said Brown contemplates moving his said mill from the present site as soon as the timber has been cut adjacent to the mill where now situated to another site, on or near timber purchased from A. A. Mattox et al., and is to give hauling of the saw timber at the new mill site to the said Newsome upon the following terms: for all timber hauled and placed upon the skidway a distance of 1 mile or less he is to pay the sum of $2 per thousand feet, and for all timber hauled over that distance he is to pay 50¢ per thousand feet additional for each ¼ mile. In case the said Newsome should haul the lumber from the present Knight mill site to the town of Graceton he is to pay the sum of $2 per M for any kind of lumber hauled.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

"(4) It is further agreed and stipulated that the property above mentioned is not to be removed from Upshur county or from the employment at the mill until the indebtedness above mentioned has been fully paid, and it is further agreed that the said A. E. Brown is to and does retain a lien upon the above described property so sold until the consideration price herein named has been fully paid.

"(5) The said A. E. Brown is to sell to H. S. Newsome feed for said team at 10 per cent. on the cost price to him, the said Brown, of such feed laid down at said mill.

"This contract executed in duplicate.

"In testimony whereof witness our hands this the 14th day of Feby., 1910.

"Hiram S. Newsome.
"A. E. Brown."

Appellee claimed that appellant, after paying a part of the $800 he had agreed to pay for the wagon, mules, etc., refused to pay the remainder thereof, and brought suit to enforce the payment of said remainder. Appellant claimed that the contract bound appellee to move his mill from the site it occupied at the date of the contract to a new site, on or near land known as the Mattox land, owned by appellee, and to permit him to haul saw timber for the mill to its new site, and that appellee had breached the contract in this respect, by refusing to move the mill and by selling the Mattox land to third parties. By pleadings in the nature of a cross-action appellant sought a recovery of damages he claimed he had suffered by appellee's breach, as alleged, of the contract. The trial court was of the opinion that the contract as written was plain and unambiguous, and that it did not bind appellee to move his mill. He therefore refused to consider parol testimony he had admitted tending to show the intention of the parties to have been to the contrary, and, having found there was a balance of $381.33 of the $800 unpaid, rendered judgment for that sum in favor of appellee against appellant.

Warren & Briggs, of Gilmer, for appellant. J. S. Barnwell, of Gilmer, for appellee.

WILLSON, C. J. (after stating the facts as above). We agree with the trial court that the contract as written was unambiguous, so far as it related to the removal of the mill to the Mattox land. The language used by the parties, to wit, "the said Brown contemplates moving his said mill * * * and is to give hauling of saw timber at the new mill site to the said Newsome upon the following terms," etc., plainly did not mean that appellee had determined and thereby bound himself to move the mill, but meant that he was considering the matter of moving it, and, if he determined to and did move it, was to become bound to give hauling of saw timber to appellant. It is insisted that the word "contemplate" in its ordinary sense means, among other things, "to propose," and that, giving the word that meaning, the language used by the parties bound appellee to move the mill. It is true that "contemplate" means "to propose," but it means "to propose" in the sense of "intend." Had it been used in that sense, instead of the word "contemplate," the construction which should have been given to the contract would not be different from that given it by the trial court.

The judgment is affirmed.