**Hugh W. LAMPMAN, Appellant,**

v.

**David P. SLEDGE, Appellee.**

No. 5288.

Court of Civil Appeals of Texas, Waco.

Dec. 13, 1973.

Rehearing Denied Dec. 27, 1973.

Andress, Woodgate & Lodewick, Dallas, for appellant.

Brady, Drake & Wilson, Dallas, for appellee.

HALL, Justice.

The facts of this case were stipulated. They show the following: On October 28, 1970, judgment was rendered in favor of the appellant, Hugh W. Lampman, in the District Court of Dallas County, for $9,000, against Joy C. Lowe. The judgment was recorded in the Abstract of Judgment Records of Dallas County on February 24, 1971. Benina J. Coatney, a feme sole, was the owner of Lot 4 in Block D. of Proxima Addition to the City of University Park, Dallas County, Texas on February 12, 1971. On that day she and the appellee, David P. Sledge, signed a written contract in which she agreed to sell and he agreed to buy the lot for $18,500. By its terms, the contract "is subject to Grantee herein securing a loan for 80% of the sales price at rate of interest not to exceed 7½%, for a period of 25 years." On February 22, 1971, before the contract for the sale of the lot was closed, Benina J. Coatney died. She left a will dated February 6, 1971, in which she devised one-fourth of her estate to Joy C. Lowe. In the will she stated, "my Executor is directed to reduce all properties to cash before making any distribution." The will was admitted to probate in Dallas County. On March 16, 1971, W. F. Clark, Independent Executor of the Estate of Benina J. Coatney, executed and delivered to appellee a deed to the lot in question.

Lampman brought this action against Sledge, asserting that by reason of Mrs. Coatney's will Mrs. Lowe now owns a one-fourth interest in the lot; and that he holds a judgment lien against that interest. He seeks foreclosure of the lien. Sledge contended in the trial court, as he does here, that the contract of sale and the will, separately, worked an equitable conversion of the lot and thereby prevented the passing of any interest in the land under the will.

After a trial without a jury, the court rendered judgment that Lampman take nothing. Findings that track the stipulated proof were filed by the court. Also filed were conclusions of law that the bequest to Joy C. Lowe was a bequest of personal property rather than realty, and that a

judgment lien in favor of Lampman did not attach to the lot. We affirm the judgment.

An equitable conversion is that change in the nature of property by which, for certain purposes, real estate is considered as personalty and personalty is considered as realty and the property is transmissible as so considered. The doctrine is founded on the theory that equity regards that as done which in fairness and good conscience ought to be done. The most common case of equitable conversion occurs where the provisions of a will expressly or impliedly direct that the testator's real property be sold and the proceeds distributed. In contemplation of law the realty will be deemed sold as of the date of the death of the testator, and for the purpose of distribution will be treated as personalty and not as land. Hardcastle v. Sibley (Tex.Civ.App., 1937, writ ref.), 107 S.W.2d 432, 438. However, the doctrine is not confined to provisions in wills. It is the general rule that a contract by a testator, made after his will, for the sale of land devised in the will, is in equity a revocation of the devise and converts the realty into personalty, even though the contract is not actually consummated until after the death of the testator. Hardcastle v. Sibley, supra; 22 Tex.Jur.2d 533, Equitable Conversion, § 3. But, a testator's contract for the sale of devised realty will not effect an equitable conversion of the realty into personalty unless the contract can be specifically enforced by the testator and the purchaser at the time of the testator's death. Willie v. Waggoner (Tex. Civ.App., 1944, writ ref.), 181 S.W.2d 319, 322.

A contract that is not to become binding except on certain conditions cannot be specifically enforced until the conditions have been complied with. Gulf Pipe Line Co. v. Nearen, 135 Tex. 50, 138 S.W.2d 1065, 1068 (1940). The contract in question was not to become effective unless and until Sledge obtained the financing specified therein. There is no evidence that this condition was met before Mrs. Coatney's death. Therefore, the contract did not work a conversion of the lot into personalty.

The directive in Mrs. Coatney's will for the reduction of all of her properties into cash before distribution is an obvious mandate for the sale of her real estate. The terms of the will cannot be fulfilled without the sale. The will effected an equitable conversion of the lot into personalty. Accordingly, no interest in the lot passed thereunder to Mrs. Lowe.

Lampman's points of error are overruled. The judgment is affirmed.