Fermin GUZMAN, et ux., Appellants,

v.

Maria A. ACUNA and Maria Juanita Barrera, Appellees.

No. 04–82–00165–CV.

Court of Appeals of Texas, San Antonio.

April 27, 1983.

Rehearing Denied May 25, 1983.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a take nothing judgment in favor of appellees, Maria A. Acuna and Maria Juanita Barrera, in a suit initiated by appellants, Fermin R. Guzman and Rosalba Vela Guzman, which sought specific performance and recovery of certain insurance proceeds. The case was submitted to the trial court upon an agreed statement of facts. Tex.R.Civ.P. 263. We affirm.

The parties entered into an earnest money contract on December 7, 1980, wherein appellees agreed to sell appellants three lots with the improvements thereon, located at 1711 Durango, San Antonio, for $17,000.00. Subsequent to the execution of the instrument, but prior to closing, the improvements were completely destroyed by fire. The agreement contained no provision expressly delineating the rights of the respective parties in the event the improvements were destroyed, but did provide that expenses incurred in the maintenance of insurance, if any, were to be prorated to the date of closing. The improvements were covered by insurance ($24,000.00) carried by appellees who claimed and received the insurance policy proceeds. Appellees thereafter attempted to return appellant's earnest money; appellants refused to accept the earnest money. They demanded title to the property, additionally claiming $7,000.00 from the insurance proceeds by maintaining it constituted a trust fund for their benefit.

Appellants' single point of error claims the evidence was insufficient to support the judgment of the trial court. The instant case was tried upon an agreed statement of facts.[1] In reviewing a case tried

M.M. Pena, Jr., San Antonio, for appellants.

E.S. Prashner, Ertel & Prashner, San Antonio, for appellees.

1. The Agreed Statement Of Facts stated, in pertinent part:

\*   \*   \*   \*   \*   \*

I.

That prior to December 7, 1980, Defendants were the owners in fee simple of the land hereinafter fully described, which land is the subject of this controversy, to-wit:

Lots Eighteen (18), Nineteen (19), and Twenty (20), Block Six (6), New City Block Two Thousand Three Hundred Sixty Nine (2369), situated within the corporate limits of the

on an agreed statement of facts, our consideration is limited to the correctness of the trial court's application of the law to the admitted facts. *Brophy v. Brophy,* 599 S.W.2d 345, 347 (Tex.Civ.App.—Texarkana 1980, no writ). We are without authority to draw any inference or find any fact not encompassed in the agreement unless, as a matter of law, such further inference or fact is necessarily compelled by the agreed facts. *Brown v. International Service, Inc., Co.,* 449 S.W.2d 491, 492 (Tex.Civ.App.—Beaumont 1961, writ ref'd n.r.e.).

■ A written agreement for the sale of real property requiring the payment of earnest money to the seller or a disinterested third party, although captioned "Earnest Money Contract", is considered a contract to sell real estate which is subject to the law of contracts and the equitable principles of specific performance. *Cowman v. Allen Monuments, Inc.,* 500 S.W.2d 223, 226 (Tex.Civ.App.—Texarkana 1973, no writ). A contract to be enforceable must be sufficiently certain to enable a court to determine the respective legal obligations of the

parties. *Bendalin v. Delgado,* 406 S.W.2d 897, 899 (Tex.1966). The essential elements of the contract must be defined with sufficient precision to enable the court to determine the parties' obligations. *Estate of Eberling v. Fair,* 546 S.W.2d 329, 334 (Tex. Civ.App.—Dallas 1976, writ ref'd n.r.e.).

■ Specific performance is an equitable remedy which compels a party who is violating a duty to comply with his contractual obligations. *Municipal Gas Co. v. Lone Star Gas Co.,* 259 S.W. 684, 689 (Tex.Civ. App.—Dallas 1924), *aff'd,* 117 Tex. 331, 3 S.W.2d 790 (Tex.1928). Specific performance is warranted where the remedies at law are inadequate and the existence of a *valid* contract is established. *Estate of Griffin v. Sumner,* 604 S.W.2d 221, 224 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.); *Wilson v. Beaty,* 211 S.W. 524, 529 (Tex.Civ.App.—San Antonio 1919, writ ref'd). Greater certainty respecting the terms and conditions of a contract sought to be enforced is required in equity than at law. *Burr v. Greenland,* 356 S.W.2d 370,

City of San Antonio, Bexar County, Texas, and more commonly known as 1711 Durango, San Antonio, Texas, together with all improvements.

II.

That said real estate is situated in Bexar County, Texas, where venue lies, and this Court has jurisdiction over the subject matter.

III

That on December 7, 1980, Defendants executed and delivered to Plaintiffs a writing entitled Earnest Money Contract which provides that said Defendants were to sell to Plaintiffs, FERMIN GUZMAN and wife, ROSALBA VELA GUZMAN, and said Plaintiffs were to buy the real estate described in Paragraph I on the terms and conditions set out in the writing entitled Earnest Money Contract executed between the parties. The down payment in the amount of Two Thousand ($2,000.00) Dollars cash was delivered to Defendants' real estate agent as earnest money and receipt thereof is acknowledged by Defendants. A copy of the writing entitled Earnest Money Contract executed between the parties is attached hereto and marked Exhibit "A", made a part hereof for all purposes. Plaintiffs have not negotiated a check tendered to them in the amount of Two Thousand ($2,000.00) Dollars representing their earnest money.

IV.

All of the improvements on the land which is the subject of the controversy between the par-

ties were destroyed by fire on the 1st day of January, 1981. The improvements were covered by a policy of insurance against fire loss for the total sum of Twenty Four Thousand ($24,-000.00) Dollars, which sum was paid to Defendants by the insurance company, said policy was purchased and paid for by Defendants prior to the date of the writing entitled Earnest Money Contract.

V.

The writing entitled Earnest Money Contract between the parties contains no provision for its cancellation in the event of fire.

VI.

The Plaintiffs have at all times been ready, willing and able to perform according to the terms of the writing entitled Earnest Money Contract.

VII.

This action was brought by Plaintiffs, after demand, for specific performance and a money judgment for the excess of insurance proceeds over the purchase price.

\* \* \* \* \* \*

The remainder of the Agreed Statement Of Facts, excluding the earnest money contract, consists of the contentions and prayers of the respective parties. Paragraphs one through seven were adopted by the trial court as its findings of fact.

373 (Tex.Civ.App.—El Paso 1962, writ ref'd n.r.e.); *Palmer v. Katz,* 210 S.W.2d 451, 454 (Tex.Civ.App.—Eastland 1948, writ ref'd n.r.e.).

It is a basic tenet of contract law that a contract should be construed in such a manner as to render performance possible rather than impossible. *Portland Gasoline Co. v. Superior Marketing Co., Inc.,* 150 Tex. 533, 243 S.W.2d 823, 825 (1951). The court should be reluctant to hold a contract unenforceable for uncertainty, however, it has no authority to interpolate essential elements in order to uphold the contract. *Dahlberg v. Holden,* 150 Tex. 179, 238 S.W.2d 699, 701 (1951). Courts cannot make contracts for the parties. *Estate of Eberling v. Fair, supra.*

The agreed statement of facts included an instrument captioned "Earnest Money Contract" which memorialized the entire agreement between the parties. The instrument was a standard form contract which provided space for the insertion of amounts and terms relative to the particular transaction. In the space allocated for the mode of payment of the purchase price and the calculation and payment of the interest thereon, the handwritten verbiage was scrawled in such a manner that the trial court could have determined essential parts to be illegible giving rise to uncertainty and ambiguity as to the essential elements of the contract. An appellate court cannot substitute its judgment for that of the trier of fact, even though after reviewing the evidence it may have reached a different factual determination from that of the trial judge sitting without a jury. *Ryan v. Morgan Spear Associates, Inc.,* 546 S.W.2d 678, 685 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). A contract which lacks essential elements indicating the method in which the interest is to be computed, and how and when such interest is to be paid is unenforceable due to indefiniteness. *See Wheeler v. White,* 398 S.W.2d 93, 95 (Tex.1965). We find the trial court properly applied the law to the facts in determining the agreement was unenforceable and therefore not subject to specific performance.

A purchaser under a contract of sale who has not paid the purchase price has only an equitable right, which, upon payment, ripens into equitable title superior to the title of the vendor. *Johnson v. Wood,* 138 Tex. 106, 157 S.W.2d 146, 148 (1941). Equitable conversion is that change in the nature of property by which, for certain purposes, real estate is considered personalty and personalty is considered realty, and the property is conveyable as so considered. *Lampman v. Sledge,* 502 S.W.2d 957, 959 (Tex.Civ.App.—Waco 1973, writ ref'd n.r. e.). If equitable conversion occurs, absent a contrary contractual provision, any increment, advantage or enhancement to the property inures to the vendee's benefit and any detriment, depreciation or loss not the fault of either party must be borne by him. *Taylor v. Herrin,* 127 S.W.2d 945, 947 (Tex. Civ.App.—Galveston 1939, no writ). Where the vendee bears the risk of loss, and the contract is silent as to insurance, proceeds of any insurance policy maintained solely by the vendor, constitutes a trust fund for the benefit of the purchaser to be credited on the purchase price of the destroyed property. *Cheatwood v. De Los Santos,* 561 S.W.2d 273, 278 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.).

An equitable conversion, with the concomitant risk of loss, is effected only by a contract which is subject to specific performance. *See Id.; Smith v. Warth,* 483 S.W.2d 834, 835 (Tex.Civ.App.—Waco 1972, no writ); 22 Tex.Jur.2d *Equitable Conversion* § 4 (1961). The underlying contract must be enforceable for a decree of specific performance to be warranted. As discussed *infra,* the invalidity of the instant agreement precluded specific performance. Accordingly, appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.