Mellane A. PARSON, Appellant,

v.

Jamie R. WOLFE, Appellee.

No. 07–83–0020–CV.

Court of Appeals of Texas, Amarillo.

Aug. 30, 1984.

Richard F. Stovall, Stovall & Laney, P.C., Plainview, for appellant.

Lucian Morehead, Morehead, Sharp & Tisdel, Plainview, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is an equitable conversion case. Dissatisfied with a judgment favorable to the heir of the personalty, the heir of one-half of the realty advances two points of trial court error. We affirm.

Shawna Wolfe, now deceased, and her sister, appellant Mellane A. Parson, contracted on September 17, 1981, to sell 160 acres of their separate realty in Floyd County to their paternal uncle. Before the

sale could be closed Mrs. Wolfe died, intestate and childless. After her death, the sale was closed and the proceeds in dispute were placed in the registry of the court.

The dispute is between Mrs. Wolfe's surviving husband, appellee Jamie R. Wolfe, and her sister, Mrs. Parson, her only heirs at law. Mrs. Parson says she inherited one-half of Mrs. Wolfe's interest in the land when Mrs. Wolfe died and she is entitled to the proceeds from that interest. Mr. Wolfe says the land must be treated as personalty, under the doctrine of equitable conversion, and he is entitled to all proceeds from Mrs. Wolfe's interest.[1] Thus, the single issue raised by Mrs. Parson's points of error is whether the doctrine of equitable conversion is applicable. If it is, Mrs. Wolfe's interest in the land is to be treated as personalty under the laws of descent and distribution and it belongs to Mr. Wolfe.

 Equitable conversion is generally defined as that change in the nature of property by which, for certain purposes, realty is considered as personalty or personalty is considered as realty, and the property is transmissible as so considered. *Toledo Soc. for Crippled Children v. Hickok*, 152 Tex. 578, 261 S.W.2d 692, 698 (1953); *Sanderson v. Sanderson*, 130 Tex. 264, 109 S.W.2d 744, 748 (1937). The doctrine, developed in the English Court of Chancery over three hundred years ago, is grounded on the maxim that equity regards as done that which in fairness and good conscience should be done. *Lampman v. Sledge*, 502 S.W.2d 957, 959 (Tex.Civ.App. —Waco 1973, writ ref'd n.r.e.); Simpson,

*Legislative Changes in the Law of Equitable Conversion by Contract*, 44 Yale L.J. 559, 560 (1935). Equitable conversion may occur by will or by contract. *Simpson, supra*, at 561; *see Toledo Soc., supra*. In testamentary situations, the doctrine is used to carry out the intent of the testator who directs that certain realty be sold or purchased. *Boulware v. Sinclair Prairie Oil Co.*, 219 S.W.2d 536, 538 (Tex.Civ.App. —Beaumont 1949, writ ref'd); *Simmons v. O'Connor*, 149 S.W.2d 1107, 1113 (Tex.Civ. App.—Fort Worth 1941, writ dism'd judgmt cor.). *See generally* 1 H. TIFFANY, REAL PROPERTY §§ 297–98 (3rd ed. 1939). In equitable conversion by contract, however, the doctrine is used to decide the status of the parties' interests during the period between execution of the contract of sale and actual transfer of legal title. *See generally TIFFANY, supra*, §§ 307–310. It is utilized, for example, to allocate the increase or decrease in value of the property during this period, *Guzman v. Acuna*, 653 S.W.2d 315, 319 (Tex.App.—San Antonio 1983, writ dism'd), or, as in this case, to determine how the realty or personalty passes upon the death of either the vendor or vendee. *Toledo Soc., supra; Lampman, supra; Hardcastle v. Sibley*, 107 S.W.2d 432, 437 (Tex.Civ.App.—El Paso 1937, writ ref'd).[2]

 When there is an equitable conversion by contract, the purchaser of land is regarded in equity as owner of the land and debtor for the purchase money, and the vendor is a secured creditor "having a legal position not unlike that of a mortgagee." *Simpson, supra* at 559. As indicated

---

**1.** Descent and distribution in this case is dictated by § 38(b) 2 of the Probate Code, which states:

> 2. If the deceased have no child or children, or their descendants, then the surviving husband or wife shall be entitled to all the personal estate, and to one-half of the lands of the intestate, without remainder to any person, and the other half shall pass and be inherited according to the rules of descent and distribution....

Tex.Prob.Code Ann. § 38(b)(2) (Vernon 1980).

**2.** Professor Simpson describes the differences in the two applications as follows:

> "Equitable conversion by will is wholly a part of the law of wills, descent and distribution; equitable conversion by contract has a wide importance in the law of vendor and purchaser. The former depends upon the intention of the testator; the latter does not depend upon intention, but rather upon rules of law as to consequences of the right to specific performance of a land contract."

Simpson, *Legislative Changes in the Law of Equitable Conversion by Contract*, 44 Yale L.J. 559, 561 n. 10 (1935).

by the quotation in marginal note 2, the pivotal question, when determining whether an equitable conversion by contract has occurred, is whether the contract is specifically enforceable. *Accord, Sanderson v. Sanderson, supra; Guzman v. Acuna, supra; Willie v. Waggoner,* 181 S.W.2d 319, 322 (Tex.Civ.App.—Austin 1944, writ ref'd).

In this case, the contract is properly executed and contains all of the provisions necessary in order for it to be binding on, and specifically enforceable by, either the sellers or the buyer. Mrs. Parson advances two arguments to the contrary, however. First, she points to the following provision in the contract:

> It being contemplated that Purchaser will obtain a loan upon the security of the real property above described to provide a part of the consideration hereinabove provided for, the reasonable time hereinafter accorded Purchaser for performance of the obligation required of him by this Contract shall include a reasonable time for processing and consummation of such loan.

That provision, she says, was a condition precedent unfulfilled when Mrs. Wolfe died; thus specific performance was not a viable option at the critical time.

■■■ Whether a condition precedent exists is determined from a reading of the entire contract. *Hudson v. Wakefield,* 645 S.W.2d 427, 430 (Tex.1983). In this case, the choice of the word "contemplated" indicates that a loan was anticipated, and permissible, but it does not indicate that a loan was a condition precedent. *See, e.g., Wall v. Ayrshire Corp.,* 352 S.W.2d 496, 500 (Tex.Civ.App.—Houston 1961, no writ); *Zucht v. Stewart Title Guaranty Co.,* 207 S.W.2d 414, 418 (Tex.Civ.App.—San Antonio 1947, writ dism'd); *Newsome v. Brown,* 157 S.W. 203, 204 (Tex.Civ.App.—Texarkana 1913, no writ). Additionally, we note that the parties used the word "agree" in other portions of the contract when intending to create a binding duty. *Dauray v. Gaylord,* 402 S.W.2d 948, 950–51 (Tex.Civ. App.—Dallas 1966, writ ref'd n.r.e.). Thus, from a four-corners reading of the contract, we must conclude that the clause was intended as a measure of the time that was reasonable for the buyer's performance, and not as a condition that, if unfulfilled, would bar specific performance. *Compare with Berman v. Rife,* 644 S.W.2d 574, 576 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Lampman, supra; Faulkner v. Otto,* 230 S.W. 447, 448 (Tex.Civ.App.— Amarillo 1921, writ dism'd).

■■■ Mrs. Parson's second argument is grounded on the contract's liquidated damages clause, which says:

> As earnest money for prompt performance of this Contract on his part, Seller [sic] shall deposit in escrow, together with copy of this Contract, in First National Bank, Floydada, Texas, the sum of $5,000.00, and in event that Purchaser shall fail or refuse, upon tender of performance by Sellers, to carry out and perform the terms of this Contract, Sellers may, at their election, declare this Contract terminated, whereupon such sum of $5,000.00 shall forfeit and become the absolute property of Sellers as liquidated damages for breach of this Contract.

She argues that, because of this provision, there is no mutuality of remedies; therefore the contract cannot be specifically enforced. She cites *Willie v. Waggoner,* 181 S.W.2d 319 (Tex.Civ.App.—Austin 1944, writ ref'd), in which it was held there was no equitable conversion because a liquidated damages provision under the contract made specific performance impossible. In that case, however, the option to perform or pay damages belonged to the purchaser. *Id.* at 322. In our case, it belongs to the sellers, who have the option to require performance or accept liquidated damages, upon the purchaser's default. Thus, the contract was capable of enforcement by specific performance by either party. *Sanderson, supra; Gala Homes, Inc. v. Fritz,* 393 S.W.2d 409, 411 (Tex.Civ.App. —Waco 1965, writ ref'd n.r.e.).

■■■ We conclude that the doctrine of equitable conversion is applicable to this case, that Mrs. Wolfe's interest in the land

is to be treated as personal property and that, upon her death, it passed to her husband under the laws of descent and distribution. Points of error one and two are overruled.

The judgment is affirmed.