# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00319-CV
NO. 03-05-00385-CV

**Satayarayan Reddy Cherukula a/k/a Sam Reddy, Appellant**

**v.**

**Estate of Leslie Howard Spradling, Deceased; and Philip Ducloux
as Administrator, Appellees**

FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
NO. 7909, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Satayarayan Reddy Cherukula a/k/a Sam Reddy[1] challenges the trial court's summary judgment in favor of appellee, the Estate of Leslie Howard Spradling (the "Estate"). The Estate, by and through its court-appointed administrator Philip Ducloux, contracted to sell real property to Reddy.[2] Reddy's contract was subject to the approval of the Bastrop County probate court. Prior to seeking the probate court's approval of Reddy's contract, Ducloux entered into a second contract to sell the property to a third-party at a higher price and on better terms. Ducloux then presented both contracts simultaneously to the probate court for approval. The probate court

---

[1] In the record appellant refers to himself as Sam Reddy. For clarity, we will do so as well.

[2] In addition to acting as the court appointed administrator, Ducloux served as trial counsel for the Estate.

rejected Reddy's contract, which called for seller-financing, and ordered the property sold for cash to the third-party. Reddy filed a motion for summary judgment claiming that he became the equitable owner of the property on the date he contracted to purchase it from the Estate and, as such, he was entitled to specific performance. Ducloux responded by filing a counter-motion for summary judgment in which he argued that Reddy's contract was unenforceable due to the lack of approval by the probate court. Because we hold that Reddy was not entitled to specific performance, we affirm the probate court's summary judgment in favor of the Estate.

## BACKGROUND

In May 2004, Reddy leased the Spradling General Store in Caldwell County from Ducloux. The lease contained an option to purchase the property for $90,000 in cash, which automatically terminated if Ducloux contracted to sell the property to a third party. If Ducloux contracted to sell the property to a third party, the lease granted Reddy a seven-day right of first refusal. The lease also stated, "The property will be listed and shown for sale. . . . Any sale is subject to court approval which I will make all reasonable efforts to obtain." The lease was for a six-month term beginning June 1, 2004. In November 2004, the Estate agreed to extend Reddy's lease for another six months.

On January 28, 2005, Reddy and Ducloux entered into a written contract for the sale of the property to Reddy for $90,000. The written contract called for Reddy to pay $15,000 in cash at closing and the remaining $75,000 over the course of the following year, while the purchase option called for $90,000 in cash. Thus, this was not an exercise of Reddy's option. *See Zeidman v. Davis*, 342 S.W.2d 555, 558 (Tex. 1961) (optionee is held to strict compliance with terms of

2

option agreement). Upon signing the contract, Reddy tendered $5,000 in earnest money. Ducloux accepted the contract, subject to approval by the probate court. The contract required Ducloux to seek promptly the probate court's approval.

Before Reddy's contract had been presented to the probate court, Ducloux received a second contract on February 5 from Wesley Drenner, who offered to purchase the property for $99,500 in cash. Ducloux accepted Drenner's contract, conditioned on court approval and subject to Reddy's seven-day right of first refusal. Reddy did not match Drenner's offer.

In early February, Ducloux submitted both contracts to the probate court seeking permission to sell the property to either Reddy or Drenner. The probate court held a hearing on February 22 to determine which contract to approve. At the hearing, the probate court took judicial notice of all the prior proceedings pertaining to the probate of the Estate and specifically acknowledged that "the beneficiaries do not get along." The probate court stated further that it "would not be happy about any offer that required the parties [the Estate's beneficiaries] to act together in anything." The probate court concluded that it would be inappropriate to approve Reddy's contract, which required seller financing, because the beneficiaries would be forced to act jointly if something were to go wrong. However, the probate court acknowledged that Reddy should have an opportunity to reach an agreement "that does not involve seller financing, so that these beneficiaries can collect their money and be out." Consequently, the probate court rejected both contracts and declared:

> [Y]ou [the Estate] can entertain other offers through 5:00 p.m. February 28th. You are authorized to accept any contract as long as it does not involve seller financing, and is otherwise unconditional.

3

The parties resubmitted their bids and, on March 3, the probate court ordered that the property be sold to Drenner based on its finding that "the contract for cash is more advantageous to the estate and it would be in the estate's best interest to order the sale for cash only and unconditionally at the highest price pending as of February 28, 2005 at 5:00 o'clock p.m." Reddy filed a motion requesting the probate court to set aside its order of sale; the probate court denied the motion in early May.

Meanwhile, the day after the probate court announced its intention to approve only a contract for a cash purchase, Reddy filed suit in Caldwell County district court alleging that Ducloux anticipatorily breached the contract with Reddy by agreeing to sell the property to Drenner.[3] Reddy claimed further that Ducloux tortiously interfered with his contract. Reddy requested an order of specific performance, an order enjoining Ducloux from conveying or attempting to convey the property to anyone other than Reddy, exemplary damages, attorney's fees and post-judgment interest. Ducloux filed a plea in abatement challenging the jurisdiction of the Caldwell County district court, moved to transfer venue to the Bastrop County probate court and generally denied Reddy's allegations. In addition, both Reddy and Ducloux filed motions for summary judgment. After a hearing, the Caldwell County district court found that the Bastrop County probate court had jurisdiction over the action and, consequently, granted the motion to transfer venue.

On May 23, the probate court held a hearing on the competing summary-judgment motions. Reddy argued that he became the equitable owner of the property as soon as he entered into the written contract to purchase it from the Estate. Consequently, he insisted that he was entitled to

---

[3] In his original petition, Reddy asserted that venue is proper in Caldwell County because the contested property is located in that county.

4

specific performance as a matter of law. Reddy also contended that his contract did not permit Ducloux to delay seeking the probate court's approval while he entertained offers from third parties. Finally, Reddy suggested that the contract provision requiring probate court approval was merely a promise to perform and not a condition precedent. Ducloux maintained that Reddy was not entitled to specific performance because his contract was subject to probate court approval, a condition precedent that had not occurred. Ducloux also disputed Reddy's assertion that he failed to promptly present Reddy's contract to the probate court. The probate court agreed with Ducloux and asserted, "[T]here could not have been any equitable ownership unless there was court approval." On June 20, the probate court issued its final judgment declaring the contract between Reddy and the Estate "null and void for failure of a condition precedent." The probate court granted Ducloux's motion for summary judgment and ordered that Reddy take nothing from the Estate. This appeal followed.

## STANDARD OF REVIEW

We review the summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2004) (citing Tex. R. Civ. P. 166a(c)). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence*, 164 S.W.3d at 661. When, as here, both parties move for summary judgment and the court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial

5

court should have rendered. *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## DISCUSSION

In two issues, Reddy contends that he is entitled to specific performance because (1) he was the equitable owner of the property as of the date of his contract; and (2) Ducloux violated the contract by not promptly seeking the probate court's approval of the sale and by entering into a second contract to sell the property.

In Reddy's first issue, he claims that he became the equitable owner of the property when he contracted to purchase the property, citing the doctrine of equitable conversion. We disagree. Reddy relies on *Parson v. Wolfe*, 676 S.W.2d 689 (Tex. App.—Amarillo 1984, no writ), for the proposition that a buyer becomes the equitable owner of the subject property at the time the parties enter into a contract. The *Parson* court stated that "the pivotal question" when determining whether an equitable conversion by contract has occurred is whether the contract is specifically enforceable. *Id*. at 692; *see also Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 840 (Tex. App.—Austin 2004, no pet.) (defining equitable title as present right to compel legal title). The *Parson* court concluded that the doctrine of equitable conversion was applicable because it found that the contract at issue was "properly executed and contain[ed] all of the provisions necessary in order for it to be binding on, and specifically enforceable by, either the sellers or the buyer." *Parson*, 676 S.W.2d at 692.

The doctrine of equitable conversion is not applicable in the instant case. Upon the execution of Reddy's contract, something other than the payment of money remained to be done before it could be specifically enforced. Both a probate court's order and a decree confirming the sale of the property and authorizing its conveyance to the purchasers were necessary for a valid transfer from the Estate. *See* Tex. Prob. Code Ann. §§ 331, 355 (West 2003); *see also Andrews v. Koch*, 702 S.W.2d 584, 586 (Tex. 1986). Title cannot pass without the order and confirmation. *See Andrews*, 702 S.W.2d at 586. Additionally, Reddy's contract explicitly contemplated that the sale was subject to the approval of the probate court. Section 11, titled "Special Provisions," subsection A, states, "THIS CONTRACT IS SUBJECT TO APPROVAL BY THE BASTROP COUNTY PROBATE COURT. SELLER SHALL PROMPTLY SEEK SUCH APPROVAL." Because both the statutory requirements of the probate code and the clear language of the contract required approval by the probate court, and such approval had not been given, this contract was not specifically enforceable. Consequently, equitable title and the right to the property did not pass here. *See Parson*, 676 S.W.2d at 692.

We overrule Reddy's first issue.[4]

---

[4] Although the final judgment states that the contract is null and void "for failure of a condition precedent," the probate code clearly requires court approval before title to property held in an estate may be transferred; thus, we need not address Reddy's claim that the contractual provision subjecting the sale to court approval is not a condition precedent.

Reddy also claims that his entitlement to specific performance extends to third parties with notice of his claim. Because we hold that Reddy is not entitled to specific performance, we do not address this issue.

7

In Reddy's second issue, he insists that Ducloux breached his promise to "promptly" seek approval from the probate court. Basically, he argues that the probate court would have approved his contract if Ducloux had presented it promptly and independent of any other contracts. This contention is defeated by the probate court's declaration that a seller-financed contract would not be in the best interest of beneficiaries who were unable to get along. Moreover, we find no language in Reddy's contract limiting Ducloux's right to submit multiple contracts simultaneously and to allow the probate court to decide which one is in the Estate's best interest. Nor has Reddy alleged that Ducloux made any representation that he would obtain a ruling from the probate court on Reddy's contract before accepting and presenting other contracts. As the Estate's administrator, Ducloux had a statutory and fiduciary duty to protect the interests of the Estate's beneficiaries, not Reddy. *See*, *e.g.*, Tex. Prob. Code Ann. § 230 (West 2003); *In re Estate of Head*, 165 S.W.3d 897, 902 (Tex. App.—Texarkana 2005, no pet.).

The only affirmative promise made to Reddy was that Ducloux would promptly seek the probate court's approval. Ducloux accepted the second offer only eight days after Reddy's offer. Ducloux argued at the summary-judgment hearing that he sought and obtained the earliest practicable date for a hearing on his applications to sell the property to Reddy or Drenner; Reddy did not present any summary-judgment evidence suggesting otherwise. The hearing took place less than a month after Reddy opted to purchase the property. Accordingly, we cannot hold as a matter of law that the Ducloux breached his contractual obligation to seek prompt approval of Reddy's contract from the probate court. We overrule Reddy's second issue.

8

**CONCLUSION**

We affirm the probate court's summary judgment in favor of the Estate.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: April 14, 2006

9