NO. 07-06-0311-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 30, 2007
_____

PEDRO SANTILLANO,

Appellant

v.

PAT I. MARTIN,

Appellee
_____

FROM THE 285TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2004-CI-18165; HON. MARTHA TANNER, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pedro Santillano appeals from a judgment granting Pat I. Martin specific performance of a contract. The latter purported to obligate Santillano to sell a tract of land for $63,500. Martin sought a judgment compelling Santillano to convey the realty per the alleged agreement. Via three issues, Santillano contends that the purported agreement could not be the subject of specific performance. We agree and reverse the judgment.

### Background

The supposed written agreement Martin sought to enforce simply contained Santillano's name followed by the address "147 Fantasia, San Antonio, Texas 78216." Following the aforementioned addressed appeared this verbiage: "Agree to sell 6.67 acres [with '+ - 1' below the 6.67] 11599 Foster Rd. for $63,500 w/ $500.00 earnest money." A signature, purportedly that of Santillano, and the notations "10-08-04" and "CK# 4390 $500.00 -10-08-04" ended the memorandum. Again, nothing else appeared in it.

### Authority

Specific performance may be ordered only if the essential terms of the contract are expressed with reasonable certainty. *Johnson v. Snell*, 504 S.W.2d 397, 398 (Tex. 1973). This means a certainty greater than that normally required when attempting to enforce the contract via an action at law for damages. *Guzman v. Acuna*, 653 S.W.2d 315, 318 (Tex. App.–San Antonio 1983, writ dism'd). Moreover, those terms must be sufficiently precise to enable a court to determine the respective obligations of the parties without resorting to parol evidence. *Id.*; *accord*, *Langley v. Norris*, 141 Tex. 405, 173 S.W.2d 454, 459 (1943) (so holding); *Abraham Inv. Co. v. Payne Ranch, Inc.*, 968 S.W.2d 518, 527 (Tex. App.–Amarillo 1998, pet. denied) (so holding). So too must the description of the realty subject to conveyance be reasonably certain, and one that alludes only to an address without reference to any city, county or state in which the land is located "is palpably insufficient to support . . . specific performance . . . ." *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150, 154 (1945).

2

Here, we have a memorandum that fails to name or describe the buyer. Furthermore, the property's description consists of only a partial street address without reference to any particular city, county, state or nation.[1] Without reference to a buyer in the agreement, a court cannot determine the obligations of *all* the parties unless parol is considered. Indeed, without a promise to buy, it cannot be said that Martin agreed to buy anything. Moreover, without the document containing a correct street address accompanied by allusion to the city, county or state wherein the address is located, a court cannot determine where the land is without admitting parol. *Wilson v. Fisher*, *supra.* Given these deficiencies, the memorandum at issue here is not, as a matter of law, reasonably certain or susceptible to specific performance.

Accordingly, we sustain Santillano's issues, reverse the trial court's judgment and render judgment denying Martin specific performance.


Brian Quinn
Chief Justice

---

[1]We also note that if the address appearing in the judgment is the correct one, it differs from the one in the memorandum. The latter speaks of "11599 Foster Rd." while the former describes a "11599 **S.** Foster Rd." (Emphasis added).

3